UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OTTO ARCHIVE, LLC,<br><br>      Plaintiff,<br>v.<br><br>THE WELL APPOINTED HOUSE LLC<br>a/k/a WELL APPOINTED HOUSE LLC and<br>MELISSA HAWKS,<br><br>      Defendants. | Civil Action No. 3:24-cv-01426-JAM<br><br>January 2, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In accordance with Rules 8, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and District of Connecticut Local Rule 7(a), Defendants The Well Appointed House LLC a/k/a Well Appointed House LLC ("WAH") and Melissa Hawks ("Hawks") (collectively "Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Otto Archive, LLC's ("Plaintiff") Complaint. Plaintiff's Complaint sets forth a single cause of action against Defendants for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff's Complaint is woefully inadequate, however, and warrants dismissal because it fails to (1) aver Plaintiff's standing to bring the underlying copyright infringement claims and (2) provide fair notice of the asserted claims in a manner that allows Defendants to answer and prepare for trial.

**I.   RELEVANT FACTUAL ALLEGATIONS**

Plaintiff initiated this action on September 5, 2024, alleging one cause of action for copyright infringement against Defendants. Dkt. No. 1. As alleged in the Complaint, Plaintiff is a global photography distribution network representing a number of contemporary photographers. Id. at ¶ 7. Plaintiff licenses design, architectural and interior photographs of

architects and designers. Id. At the time of the alleged infringements, WAH was an online blog featuring upscale home décor and furnishing ideas.¹ Id. at ¶ 55. Plaintiff alleges that WAH also posted images from its blog on various social media platforms. Id. at ¶ 57. Hawks is the founder and principal of WAH. Id. at ¶ 56.

At issue in Plaintiff's Complaint is a collection of twenty (20) photographs created by seven (7) different individual photographers. Id. at ¶¶ 12-52. Plaintiff alleges that it entered into written agreements with each of the photographers in which the photographers conveyed to Plaintiff "certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing." Id. at ¶ 54. Entirely absent from the Complaint, however, is any indication as to when the exclusive rights for each of the twenty (20) works were supposedly conveyed and whether they were conveyed prior to each of the twenty (20) alleged infringements. Rather, the Complaint merely alleges in conclusory fashion that it held the aforementioned exclusive rights "[f]or all times relevant to this action." Id.

Plaintiff's copyright infringement claims arise from Defendants' use of the subject photographs in connection with WAH's blog and social media postings.² Id. at ¶ 74. Defendants did not sell or otherwise generate revenue from the use of the photographs, as WAH's blog and social media postings did not make the photographs or any other merchandise available for sale and did not direct online traffic to other retailers. See id. at No. 1-17. The Complaint alleges that the respective infringements occurred at various times between July 2013 and March 2023. Id. at ¶¶ 58-73. Plaintiff additionally asserts that the alleged infringements were each discovered

---

¹ The iteration of WAH's blog that is at issue in the Complaint was taken offline well before Defendants received notice of Plaintiff's copyright infringement claims.
² With respect to the alleged social media infringements, Plaintiff's Complaint only alleges that Defendants displayed a select number of the subject photographs on instragram.com.

at different times between September 2021 and August 2026.³  Id. at ¶ 78.  Although Plaintiff alleges that Defendants infringed on its exclusive rights in twenty (20) separate photographs, the Complaint conflates each alleged act of infringement into a single cause of action for copyright infringement.  Id. at ¶¶ 81-96.  As part of its lone copyright infringement count, Plaintiff alleges that it "has standing to bring this lawsuit and asserts the claim(s) herein as it has sufficient rights, title, and interest to such copyrights," among other conclusory allegations that are meant to encompass twenty (20) individual acts of infringement.  Id. at ¶¶ 89-96.

Defendants contend that the Complaint fails to establish Plaintiff's standing to bring the instant claims where it fails to articulate Plaintiff's beneficial ownership interest in exclusive rights in the photographs when the alleged infringements occurred as required under 17 U.S.C. § 501(b).  Moreover, the Complaint fails to provide Defendants with adequate notice of the claims against them and the grounds upon which each copyright infringement claim rests because it combines twenty (20) alleged acts of copyright infringement into a single cause of action.

## II.     STANDARD OF REVIEW

"In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'"  Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007) (citing Twombly, 550 U.S. at 556).  Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  Twombly, 550 U.S. at 570.  The Court must accept as true all well-pleaded factual allegations in

---

³ Defendants note that the supposed discovery of the alleged infringement of the First Frances Photograph on August 29, 2026 is factually impossible.

the complaint, and "draw[] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotation marks and citation omitted). Conversely, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555 (explaining that a court is "not bound to accept as true a legal conclusion couched as a factual allegation") (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A plaintiff additionally bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue to survive a motion to dismiss brought pursuant to Rule 12(b)(1). Liberian Cmty. Ass'n of Conn. v. Lamont, 970 F.3d 174, 184 (2d. Cir. 2020); Purugganan v. AFC Franchising, LLC, 2021 U.S. Dist. LEXIS 34284, *3-4 (D. Conn. February 24, 2021).

In the copyright context, Twomby and Iqbal "require[] that the alleged infringing acts be stated with some specificity." Palmer Kane LLC v. Scholastic Corp., 2013 U.S. Dist. LEXIS 27196, at *7 (S.D.N.Y. Feb. 27, 2013) (citing Kelly v. L.L. Cool J., 145 F.R.D. 32, 36, n. 3 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir. 1994), cert. denied, 513 U.S. 950 (1994)). "In order to provide the defendant with notice of the claims against it, a plaintiff 'may not rest on barebones allegations that infringement occurred.'" Id.

Plaintiff's Complaint fails to state a plausible claim for copyright infringement because it does not plead facts sufficient to establish that Plaintiff has standing based upon beneficial ownership rights in the subject photographs at the time of the alleged infringements.

Furthermore, the Complaint allegations, and specifically the single copyright infringement count, fail to provide Defendants with fair notice of the claims against them. Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 8, 12(b)(1) and 12(b)(6).

### III.   ARGUMENT

#### A.   THE COMPLAINT MUST BE DISMISSED UNDER RULES 12(b)(1) AND 12(b)(6) BECAUSE IT DOES NOT SUFFICIENTLY ALLEGE PLAINITFF'S STANDING TO MAINTAIN AN ACTON FOR COPYRIGHT INFINGEMENT

To establish a claim for copyright infringement, a plaintiff must prove two elements: "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003). With respect to the first prong, the Copyright Act provides that "the legal or beneficial owner of an exclusive right under a copyright is entitled…to institute an action for any infringement of that particular right while he or she is the owner of it." 17 U.S.C. § 501(b); see also Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 697 F.2d 27, 32 (2d Cir. 1982), superseded on other grounds by Fed. R. Civ. P. 52(a) (finding that the Copyright Act authorizes only "(1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights" to sue for infringement). "[A] plaintiff has standing to bring a copyright infringement action, with respect to the work covered by the exclusive licenses, only during the time it possesses an exclusive license to assert a copyright claim for those images." Getty Images (US) Inc., Advernet, Inc., 797 F. Supp. 2d 399, 432 (S.D.N.Y. 2011). Dismissal is appropriate under Rules 12(b)(1) and 12(b)(6) where a plaintiff fails to adequately allege a beneficial ownership interest that demonstrates standing to sue for copyright infringement. See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 91 (2d Cir. 1998); Wallert v. Atlan, 141 F. Supp.

5

3d 258, 277-78 (S.D.N.Y. October 26, 2015); Kelley v. Universal Music Group, 2015 U.S. Dist. LEXIS 142130, at *12-13 (S.D.N.Y. October 19, 2015).

As an initial matter, the Copyright Registrations for the photographs at issue establish that the photographers retained ownership of the copyrights at all times. Indeed, the seven (7) photographers are each identified as the Copyright Claimants in the registration documents filed with the United States Copyright Office. Dkt. Nos. 1-2 at p. 3; 1-3 at p. 4; 1-4 at pp. 3-4; 1-5 at p. 4; 1-6 at p. 4; 1-7 at p. 2; 1-8 at p. 4; 1-9 at p. 3; 1-10 at p. 2; 1-11 at p. 2; 1-12 at pp. 3-4; 1-13 at p. 3;1-14 at p. 3; 1-15 at p. 3; and 1-16 at p. 3. Plaintiff is only listed as holding Rights and Permissions in the copyrights. Id. Additionally, the Complaint specifically sets forth that the individual photographers are the owners of their respective photographs and "remained the owner[s] at all times material hereto." Dkt. No. 1 at ¶¶ 17, 30, 36, 41, 45, 50, 82-88.

Turning next to the supposed conveyance of exclusive rights in the photographs to Plaintiff by contract, the Complaint fails to set forth Plaintiff's beneficial ownership interest at the time of the alleged infringements in accordance with 17 U.S.C. § 501(b). Notably, the Complaint fails to provide basic factual allegations regarding the agreements between Plaintiff and the photographers. The Complaint does not include the requisite information necessary to adequately allege Plaintiff's acquisition of exclusive rights in the photographs in order to demonstrate Plaintiff's standing to bring the instant action. For example, the Complaint merely alleges that Plaintiff held exclusive rights "[f]or all times relevant to this action." Id. at ¶ 54. Plaintiff has failed to assert when it received "certain exclusive rights" (id.) or otherwise allege any facts regarding the specific terms of the purported agreements with the individual photographers. As such, Plaintiff's attempt to demonstrate its beneficial ownership interest does not establish standing or rise to the Twomby and Iqbal standards for specificity. See Palmer

Kane, 2013 U.S. Dist. LEXIS at *7.  Accordingly, the Complaint is ripe for dismissal where it contains no indication as to what "rights, title, and interests" were conveyed, the meaning of those terms or how they have any bearing on the issue of Plaintiff's standing.  Further, it is silent as to when the rights for each of the copyrighted works were allegedly conveyed and whether the conveyances occurred prior to the alleged infringements.  As for the allegations that Plaintiff does manage to plead, the Complaint is replete with factual inaccuracies that fail to state a claim for relief.  Specifically, the Complaint supplies incorrect dates for the creation, registration and alleged infringement of several photographs (see Dkt. 1 at ¶¶ 21, 26-27, 71), misidentifies the titles of multiple photographs (id. at ¶¶ 26, 28) and otherwise alleges facts that are factually impossible or unverifiable (id. at ¶¶ 6, 18, 78).  Based on these inaccuracies alone, Plaintiff's Complaint warrants dismissal under Fed. R. Civ. P. 12(b)(6).

Although Plaintiff attached the Copyright Registrations to the Complaint, it did not also include the agreements, and instead offered a blanket allegation that "Plaintiff and the photographer(s) were parties to one or more written agreements."  Dkt. No. 1 at ¶ 54.  Additional information regarding the terms of the "one or more written agreements" is needed to properly allege that Plaintiff has a beneficial ownership interest in the photographs, particularly where the works of seven (7) different photographers are at issue in the Complaint.  As alleged, there is no indication whether the exclusive rights were conveyed in a single or multiple contracts, when they were conveyed or the scope of the conveyances.  Such information is necessary here because the language of the agreements dictates whether Plaintiff has a beneficial ownership interest in the subject photographs sufficient to convey standing. John Wiley & Sons, Inc. v. DRK Photo, 882 F.3d 394, 414 (2d Cir. 2018).  Without pleading adequate allegations of Plaintiff's beneficial ownership of exclusive rights in each of the twenty (20) photographs, the

Complaint fails to demonstrate Plaintiff's standing to bring its copyright infringement claims and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### B. THE COMPLAINT COMBINES NUMEROUS ALLEGATIONS OF INFRINGEMENT INTO A SINGLE CAUSE OF ACTION IN VIOLATION OF RULE 8

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, Fed. R. Civ. P. 8(d)(1) provides that "each allegation must be simple, concise, and direct." "The purpose of Rule 8 is to permit the defendants to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." McNeil v. Connecticut, 2018 U.S. Dist. LEXIS 95826, *2-3 (D. Conn. June 7, 2018) (quoting Brown v. Semple, 2017 U.S. Dist. LEXIS 156174 (D. Conn. Sept. 25, 2017)). A complaint must "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); McNeil, 2018 U.S. LEXIS at *2; Roberto's Fruit Mkt. v. Schaffer, 13 F. Supp. 2d 390, 394-95 (E.D.N.Y. 1998) (explaining that the function of Rule 8 is to "ensure that courts and adverse parties can understand a claim and frame a response to it"); Plunket v. Estate of Conan Doyle, 2001 U.S. Dist. LEXIS 2001, *12 (S.D.N.Y. Feb. 22, 2001). "When a complaint fails to comply with these requirements, the district court has the power, on motion…to dismiss the complaint…." Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 8 because it conflates twenty (20) acts of alleged infringement related to the photographs of seven (7) different photographers over a nearly ten (10) year period into a single cause of action for copyright infringement. Plaintiff's failure to break out each infringing act into individual

copyright infringement counts is fatal to the Complaint because it fails to provide Defendants with fair notice of the specific allegations that give rise to Plaintiff's claims. The alleged infringements and the discovery of those infringements each occurred on separate dates and accordingly have different factual bases for liability. Consistent with Defendants' standing argument, <u>supra</u>, the Complaint additionally fails to state whether Plaintiff's exclusive rights in the photographs were conveyed by separate agreements with the various photographers. Defendants cannot be reasonably expected to answer or otherwise prepare for trial where Plaintiff has failed to specify the individual facts giving rise to each act of infringement. Most notably, Plaintiff relies on one paragraph—for all twenty (20) acts of infringement—to allege that "Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501." Dkt. No. 1 at ¶ 92. Such a conclusory averment is neither simple, concise nor direct, particularly where Defendants would be unfairly tasked with answering twenty (20) individual infringement allegations in a single paragraph response. In essence, Defendants are unable to understand the Complaint where it fails to attribute specific facts to specific acts of infringement. Accordingly, because Defendants cannot fairly answer the Complaint or properly prepare its defenses for trial, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 8.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's copyright infringement claims in Count I with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Defendants,<br>THE WELL APPOINTED HOUSE LLC<br>a/k/a WELL APPOINTED HOUSE LLC and<br>MELISSA HAWKS,<br>By their Attorneys, |
|  | */s/ Richard J. Basile*<br>Richard J. Basile (ct20491)<br>Andy I. Corea ( ct25925)<br>HARRIS BEACH MURTHA PLLC<br>107 Elm Street, Four Stamford Plaza<br>11th Floor<br>Stamford, CT 06902<br>(203) 653-5412<br>rbasile@harrisbeachmurtha.com<br>acorea@harrisbeachmurtha.com |
|  | Scott S. Centrella (ct05809)<br>DISERIO MARTIN O'CONNOR &<br>CASTIGLIONI, LLP<br>1010 Washington Blvd., Suite 800<br>Stamford, CT 06901<br>(203) 358-0800 |
| Dated:  January 2, 2025 | scentrella@dmoc.com |

**CERTIFICATE OF SERVICE**

I, Richard J. Basile, hereby certify that on January 2, 2025 a true copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System. A copy of the filing has been sent by email to the following counsel of record:

Counsel for Plaintiff Otto Archive, LLC

Chip Muller
MULLER LAW, LLC
47 Wood Avenue
Barrington, RI 02806
(401) 256-5171
chip@mullerlaw.com

                                                                                                                  */s/ Richard J. Basile*
                                                                                                                   Richard J. Basile