IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Case No. 3:24-cv-01426-VAB

OTTO ARCHIVE, LLC,

     Plaintiff,

v.

THE WELL APPOINTED HOUSE LLC a/k/a
WELL APPOINTED HOUSE LLC and
MELISSA HAWKS,

     Defendants.

_____

## FIRST AMENDED COMPLAINT

Plaintiff OTTO Archive, LLC ("Plaintiff") sues defendants The Well Appointed House LLC a/k/a Well Appointed House LLC ("Well Appointed House") and Melissa Hawks ("Hawks") (collectively the "Defendants"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York County, New York.

2.    Well Appointed House is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 12 Doubling Rd, Greenwich, CT 06830. Well Appointed House's agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

3.    Hawks is an individual who is a citizen of the state of Connecticut residing at 12 Doubling Rd, Greenwich, CT 06830.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

7. Plaintiff is a global photography distribution network representing over 30 master contemporary photographers. Plaintiff licenses design, architectural and interior imagery of preeminent architects and designers. Its collection also features unique locations, landscapes, and industrial images.

8. With an unparalleled focus on customer focus and premiere imagery, Plaintiff's commitment to clients and photographers sets it apart from other agencies.

9. Plaintiff provides the environment, business sensibilities, and experience within syndication that its clients seek as an alternative to traditional corporate agencies.

10. Plaintiff maintains a commercial website (https://www.ottoarchive.com/) which describes the photography services offered by Plaintiff, offers a list of the photographers it

represents including a sample of some of their imagery, and invites prospective customers to contact Plaintiff to arrange for licensing.

## II.     The Works at Issue in this Lawsuit

11.     Bjorn Wallander, Eric Piasecki, Noe DeWitt, Scott Frances, Trevor Tondro, William Waldron, and Kelly Marshall are some of the many renowned photographers represented by Plaintiff.

12.     Based in New York, Mr. Wallander began his interest in photography in the small harbor town of Västervik in Southern Sweden. Mr. Wallander moved to Oslo, Norway to assist photographers like Knut Bry. He has had a history of assisting and working alongside of Briggitte Lacombe, Albert Watson, and Frederick Lieberath.

13.     Mr. Wallander dedicates much of his craft to the portrait and interior photography, and over the last decade has contributed to publications including Architectural Digest, Elle Décor, Harper's Bazaar, WSJ Magazine, Vogue Brazil, Casa Vogue, Man of the World, Departures, Veranda, Martha Stewart, Oprah, House Beautiful, New York Magazine, Flaunt, Dwell, and Real Simple. He has also shot for Ralph Lauren, American Express, Tribeca Film Festival, Thompson Hotels, Shelborne Hotel, Wedgwood, Infiniti and Pottery Barn.

14.     Eric Piasecki is a Cape Cod native who is based in New Mexico and New York City. He contributes regularly to *Elle Decor, Architectural Digest, House Beautiful*, among other magazines nationally and internationally. Advertising clients include Shade Store, Marriott Hotels, Williams Sonoma, Cowtan and Tout, Sub Zero/Wolf and others.

15.     Mr. Piasecki has photographed monographs for designer/architects Peter Pennoyer and Katie Ridder, Steven Gambrel, Juan Montoya, Thom Filicia, Cullman & Kravis, and Timothy Corrigan. His work can be appreciated in two design Books: "*The New Naturalists: Inside the Homes of Creative Collectors*", and "*More is More: Memphis, Maximalism, and New Wave*

*Design"*. It can also be found regularly in *Architectural Digest*, *Clever and Domino*, *Dwell*, *Wallpaper\**, and *Elle Décor*.

16.     Noe Dewitt is an American photographer and travel blogger. Mr. Dewitt was inspired by his uncle's fashion photography and his grandfather's industrial and World War II photographs. His editorial, catalog, and advertising clients include Architectural Digest, Travel + Leisure, Men's Journal, Sperry, Men's Vogue, Timberland Boot Co., and DKNY Kids to name a few. His work can be viewed on his professional website (at https://noedewitt.com/).

17.     Scott Frances is an internationally recognized architectural and interiors photographer based in New York City. His work is distinguished for its cinematic style and the artful incorporation of everyday people and professional models into his images. His techniques, including working almost exclusively with natural light, result in an unusually powerful level of realism, depth and atmosphere. His imagery evokes an unforgettable sense of life and mystery. Mr. France's clients include architectural firms, interior design studios, hoteliers, real estate developers and advertising agencies. For over 25 years he has been a contributing photographer to *Architectural Digest* magazine. His work has been acquired by numerous private individuals and is featured in selected corporate collections.

18.     Trevor Tondro is an interior, lifestyle, portrait, and still-life photographer based in Santa Barbara, CA. Mr. Tondro's work can be viewed on his professional website (at https://www.trevortondro.com/).  Mr. Tondro lived abroad in Paris and spent two and a half years living in Latin America before studying photography at Parson's School of Design. Upon completion of his studies, he landed coveted apprenticeships with Philip-Lorca diCorcia and Martyn Thompson learning not only the professionalism and commercial side of photography but also the dual perspective of lighting and contrasts in photography.

19.     Mr. Tondro's work appears regularly in *Architectural Digest, T Magazine, Elle Décor, Town & Country, Veranda, House Beautiful*, and *Martha Stewart*. His commercial clients include Celine, Ralph Lauren, West Elm, Bloomingdales, Proper Hotel, Design Within Reach, Thompson Hotels, Waterworks, Sonos, La Cornue, Natori, GOOP, Wynn Hotel Group, Restoration Hardware, Air Bnb, Brizo, USM, St. Charles Kitchen, Frank & Eileen, Farrow & Ball, and Rug Co.

20.     Mr. Waldron is a professional photographer who resides in New York City and the Hudson Valley. He has been a passionate photographer since childhood and spent his spare time in a basement darkroom. Mr. Waldron was educated at the University of Minnesota and the Brooks Institute of Photography in Santa Barbara, California. He moved to New York in 1981 determined to work for the legendary photographer Art Kane. After some years working as a photo assistant in New York, in 1985 he traveled to northern Mexico and photographed both Tarahumara Indians and the Mennonites of Chihuahua. Returning to New York with a determination to earn a living taking photographs, his pictures began to draw assignments from influential magazines and commercial clients in the United States and Europe. Cultivating a keen interest in interior spaces, Mr. Waldron became an internationally known interiors photographer. His work regularly appears in magazines such as *Elle Decor, Architectural Digest, Vogue, The New York Times, and Vanity Fair* amongst many others. Mr. Waldron's personal work is largely concerned with the vernacular forms of the inhabited landscape, and the inherently sensuous nature of quietude. His photographs often contemplate the quiet and occasionally lonely spaces of introspection and illustrate his idea that the height of beauty invariably contains a hint of melancholy. Mr. Waldron's work is in numerous private and corporate collections.

21.     Kelly Marshall is a New York based photographer specializing in interiors, travel

and portraiture. She is a regular contributor to the Wall Street Journal and The New York Times. Ms. Kelly's clients include CB2, Pottery Barn, Ebay, T Brand Studio, Architectural Digest and Bon Appetite Magazine. Her work has been exhibited at MOAD: The Museum of The African Diaspora, Southern Exposure, PhotoVille & Rush Arts. Kelly is a collected artist of The Rockefeller Foundation and a 2018 Lit List awardee by Authority Collective.

### A.     *The Wallander Photographs*

22.     In 2013, Mr. Wallander created a photograph titled "OT1286039" (the "<u>First Wallander Photograph</u>"). A copy of the First Wallander Photograph is displayed below:



23.     The First Wallander Photograph was registered by Mr. Wallander with the Register of Copyrights on October 21, 2020 and was assigned Registration No. VA 2-230-262. A true and correct copy of the Certificate of Registration pertaining to the First Wallander Photograph is attached hereto as **Exhibit "A."**

24.     In 2015, Mr. Wallander created a photograph titled "OT190768" (the "<u>Second</u>

<u>Wallander Photograph</u>"). A copy of the Second Wallander Photograph is displayed below:



25.    In 2015, Mr. Wallander created a photograph titled "OT2133933" (the "<u>Third Wallander Photograph</u>") (together with the First Wallander Photograph and Second Wallander Photograph, the "<u>Wallander Photographs</u>"). A copy of the Third Wallander Photograph is displayed below:



26.     The Second Wallander Photograph and Third Wallander Photograph were registered by Mr. Wallander with the Register of Copyrights on February 25, 2022 and were assigned Registration No. VA 2-293-644. A true and correct copy of the Certificate of Registration pertaining to the Second Wallander Photograph and Third Wallander Photograph is attached hereto as **Exhibit "B."**

27.     Mr. Wallander is the owner of the Wallander Photographs and has remained the owner at all times material hereto.

**B.      The Piasecki Photographs**

28.     In 2016, Mr. Piasecki created a photograph titled "OT1151033" (the "First Piasecki Photograph"). A copy of the First Piasecki Photograph is displayed below:



29.     The First Piasecki Photograph was registered by Mr. Piasecki with the Register of Copyrights on January 13, 2022 and was assigned Registration No. VA 2-285-355. A true and correct copy of the Certificate of Registration pertaining to the First Piasecki Photograph is attached hereto as **Exhibit "C."**

30.     In 2017, Mr. Piasecki created a photograph titled "OT225096" (the "Second Piasecki Photograph"). A copy of the Second Piasecki Photograph is displayed below:



31.     The Second Piasecki Photograph was registered by Mr. Piasecki with the Register of Copyrights on January 23, 2023 and was assigned Registration No. VA 2-336-415. A true and correct copy of the Certificate of Registration pertaining to the Second Piasecki Photograph is attached hereto as **Exhibit "D."**

32.     In 2013, Mr. Piasecki created a photograph titled "OT188122" (the "Third Piasecki Photograph"). A copy of the Third Piasecki Photograph is displayed below:



33.    The Third Piasecki Photograph was registered by Mr. Piasecki with the Register of Copyrights on May 9, 2023 and was assigned Registration No. VA 2-350-785. A true and correct copy of the Certificate of Registration pertaining to the Third Piasecki Photograph is attached hereto as **Exhibit "E."**

34.    In 2012, Mr. Piasecki created a photograph titled "OT135477" (the "Fourth Piasecki Photograph"). A copy of the Fourth Piasecki Photograph is displayed below:



35.     The Fourth Piasecki Photograph was registered by Mr. Piasecki with the Register of Copyrights on January 2, 2024 and was assigned Registration No. VA 2-382-732. A true and correct copy of the Certificate of Registration pertaining to the Fourth Piasecki Photograph is attached hereto as **Exhibit "F."**

36.     In 2011, Mr. Piasecki created a photograph titled "OT144234" (the "Fifth Piasecki Photograph"). A copy of the Fifth Piasecki Photograph is displayed below:



37.     The Fifth Piasecki Photograph was registered by Mr. Piasecki with the Register of Copyrights on November 22, 2023 and was assigned Registration No. VA 2-372-820. A true and correct copy of the Certificate of Registration pertaining to the Fifth Piasecki Photograph is attached hereto as **Exhibit "G."**

38.     In 2009, Mr. Piasecki created a photograph titled "OT185982" (the "Sixth Piasecki Photograph") (together with the First Piasecki Photograph, the Second Piasecki Photograph, the Third Piasecki Photograph, the Fourth Piasecki Photograph, and Fifth Piasecki Photograph, the "Piasecki Photographs"). A copy of the Sixth Piasecki Photograph is displayed below:



39.    The Sixth Piasecki Photograph was registered by Mr. Piasecki with the Register of Copyrights on November 22, 2023 was assigned Registration No. VA 2-376-068. A true and correct copy of the Certificate of Registration pertaining to the Sixth Piasecki Photograph is attached hereto as **Exhibit "H."**

40.    Mr. Piasecki is the owner of the Piasecki Photographs and has remained the owner at all times material hereto.

### C.    The DeWitt Photographs

41.    In 2020, Mr. DeWitt created a photograph titled "OT261533" (the "First DeWitt Photograph"). A copy of the First DeWitt Photograph is displayed below:



42.    In 2020, Mr. DeWitt created a photograph titled "OT261539" (the "Second DeWitt Photograph"). A copy of the Second Piasecki Photograph is displayed below:



43.    In 2020, Mr. DeWitt created a photograph titled "OT261531" (the "Third DeWitt Photograph"). A copy of the Third DeWitt Photograph is displayed below:



44. In 2020, Mr. DeWitt created a photograph titled "OT261538" (the "<u>Fourth DeWitt Photograph</u>") (together with the First DeWitt Photograph, the Second DeWitt Photograph, and the Third DeWitt Photograph, the "<u>DeWitt Photographs</u>"). A copy of the Fourth DeWitt Photograph is displayed below:



45.     The DeWitt Photographs were registered by Mr. DeWitt with the Register of Copyrights on January 29, 2021 and were assigned Registration No. VA 2-234-986. A true and correct copy of the Certificate of Registration pertaining to the DeWitt Photographs is attached hereto as **Exhibit "I."**

46.     Mr. DeWitt is the owner of the DeWitt Photographs and has remained the owner at all times material hereto.

**D.      The Frances Photographs**

47.     In 2015, Mr. Frances created a photograph titled "OT230772" (the "First Frances Photograph"). A copy of the First Frances Photograph is displayed below:



48.     The First Frances Photograph was registered by Mr. Frances with the Register of Copyrights on September 22, 2020 and was assigned Registration No. VA 2-219-276. A true and correct copy of the Certificate of Registration pertaining to the First Frances Photograph is attached hereto as **Exhibit "J."**

49.     In 2008, Mr. Frances created a photograph titled "OT115419" (the "Second Frances Photograph") (together with the First Frances Photograph, the "Frances Photographs"). A copy of the Second Frances Photograph is displayed below:



50.     The Second Frances Photograph was registered by Mr. Frances with the Register of Copyrights on November 16, 2023 and was assigned Registration No. VA 2-375-259. A true and correct copy of the Certificate of Registration pertaining to the Second Frances Photograph is attached hereto as **Exhibit "K."**

51.     Mr. Frances is the owner of the Frances Photographs and has remained the owner at all times material hereto.

### E.      *The Tondro Photographs*

52.     In 2017, Mr. Tondro created a photograph titled "OT1202314" (the "First Tondro Photograph"). A copy of the First Tondro Photograph is displayed below:



53.     In 2017, Mr. Tondro created a photograph titled "OT1202315" (the "Second Tondro Photograph") (together with the First Tondro Photograph, the "Tondro Photographs"). A copy of the Second Tondro Photograph is displayed below:



54.     The Tondro Photographs were registered by Mr. Tondro with the Register of Copyrights on November 1, 2021 and were assigned Registration No. VA 2-274-568. A true and correct copy of the Certificate of Registration pertaining to the Tondro Photographs is attached hereto as **Exhibit "L."**

55.     Mr. Tondro is the owner of the Tondro Photographs and has remained the owner at all times material hereto.

### F.     *The Waldron Photographs*

56.     In 2016, Mr. Waldron created a photograph titled "OT1184434" (the "First Waldron Photograph"). A copy of the First Waldron Photograph is displayed below:



57.     The First Waldron Photograph was registered by Mr. Waldron with the Register of Copyrights on November 1, 2021 and was assigned Registration No. VA 2-274-657. A true and correct copy of the Certificate of Registration pertaining to the First Waldron Photograph is attached hereto as **Exhibit "M."**

58.     In 2013, Mr. Waldron created a photograph titled "OT1197644" (the "Second Waldron Photograph") (together with the First Waldron Photograph, the "Waldron Photographs"). A copy of the Second Waldron Photograph is displayed below:



59. The Second Waldron Photograph was registered by Mr. Waldron with the Register of Copyrights on August 26, 2022 and was assigned Registration No. VA 2-317-809. A true and correct copy of the Certificate of Registration pertaining to the Second Waldron Photograph is attached hereto as **Exhibit "N."**

60. Mr. Waldron is the owner of the Waldron Photographs and has remained the owner at all times material hereto.

### G. *The Marshall Photograph*

61. In 2021, Ms. Marshall created a photograph titled "OT2105308" (the "Marshall Photograph"). A copy of the Marshall Photograph is displayed below:



62.     The Marshall Photograph was registered by Ms. Marshall with the Register of Copyrights on May 20, 2023 and was assigned Registration No. VA 2-352-713. A true and correct copy of the Certificate of Registration pertaining to the Marshall Photograph is attached hereto as **Exhibit "O."**

63.     Ms. Marshall is the owner of the Marshall Photograph and has remained the owner at all times material hereto.

64.     The Wallander Photographs, the Piasecki Photographs, the DeWitt Photographs, the Frances Photographs, the Tondro Photographs, the Waldron Photographs, and the Marshall Photograph are collectively referred to herein as the "Work."

65.    For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

### III.    Defendants' Unlawful Activities

66.    Well Appointed House owns and operates an online shop for home décor, furniture, and clothing.

67.    Hawks is the founder and managing member of Well Appointed House. Hawks has exclusive control over the business activities of Well Appointed House, including but not limited to the infringing activities that are subject to this lawsuit.

68.    Defendants advertise/market their business through their website (https://www.wellappointedhouse.com/), social media (e.g., https://www.facebook.com/wellappointedhouse, https://www.instagram.com/wellappointedhouse/, and https://x.com/wellapp), and other forms of advertising.

69.    On July 22, 2013 (prior to the above-referenced copyright registration of the First Wallander Photograph), Defendants displayed and/or published the First Wallander Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2013/07/taking-inspiration-from-the-shelter-magazines-

for-summer-decor.html):



70. On March 11, 2021 (prior to the above-referenced copyright registration of the Second Wallander Photograph), Defendants displayed and/or published the Second Wallander Photograph on their website, webpage, and/or social media (at https://www.instagram.com/p/CMS8ralpjAL?img_index=4):



71.     On June 10, 2022 (prior to the above-referenced copyright registration of the Third Wallander Photograph), Defendants displayed and/or published the Third Wallander Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2019/06/garden-inspiration-install-an-outdoor-fountain.html):



Design by William Eubanks

Design by Betsy Shiverick

72.    On January 7, 2017 (prior to the above-referenced copyright registration of the First Piasecki Photograph), Defendants displayed and/or published the First Piasecki Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2017/01/painted-cabinetry-kitchen-paint-color-bathroom-colors-and-more.html):



73.    On October 1, 2021 (prior to the above-referenced copyright registration of the Second Piasecki Photograph), Defendants displayed and/or published the Second Piasecki Photograph on their website, webpage, and/or social media (at https://www.instagram.com/p/CUf-RTarAMi):



74. On April 20, 2019 (prior to the above-referenced copyright registration of the Third Piasecki Photograph), Defendants displayed and/or published the Third Piasecki Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2019/04/dress-up-your-garden.html):



75.     In October 2022 (prior to the above-referenced copyright registration of the Fourth Piasecki Photograph), Defendants displayed and/or published the Fourth Piasecki Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/wp-content/uploads/ashley-whittaker-bedroom-1619790475-720x963.png and https://blog.wellappointedhouse.com/2022/10/8-gorgeous-guest-room-ideas.html):



https://blog.wellappointedhouse.com/wp-content/uploads/ashley-whittaker-bedroom-1619790475-720x963.png

Captured by FireShot Pro: 28 November 2023, 14:40:43
https://getfireshot.com

76.     On February 28, 2020 (prior to the above-referenced copyright registration of the

Fifth Piasecki Photograph), Defendants displayed and/or published the Fifth Piasecki Photograph

on      their     website,     webpage,     and/or     social     media     (at

https://blog.wellappointedhouse.com/2020/02/palm-beach-decor.html):



77. On September 20, 2017 (prior to the above-referenced copyright registration of the Sixth Piasecki Photograph), Defendants displayed and/or published the Sixth Piasecki Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2017/09/french-country-home-decor-looks-we-love.html):



78.     On January 15, 2021 (prior to the above-referenced copyright registration of the DeWitt Photographs, Defendants displayed and/or published the DeWitt Photographs on their website, webpage, and/or social media (at https://www.instagram.com/p/CKEGjasplV1?img_index=4):



[https://www.instagram.com/p/CKEGjasplV1?img_index=3](https://www.instagram.com/p/CKEGjasplV1?img_index=3):



https://www.instagram.com/p/CKEGjasplV1?img_index=2:



[https://www.instagram.com/p/CKEGjaspIV1?img_index=1](https://www.instagram.com/p/CKEGjaspIV1?img_index=1):



79.     On October 2, 2021 (prior to the above-referenced copyright registration of the First Frances Photograph), Defendants displayed and/or published the First Frances Photograph on their website, webpage, and/or social media (at https://www.instagram.com/p/CUjKQ0eMEbF):



80.     On May 10, 2014 (prior to the above-referenced copyright registration of the Second Frances Photograph), Defendants displayed and/or published the Second Frances Photograph on their website, webpage, and/or social media (at https://i2.wp.com/blog.wellappointedhouse.com/wp-content/uploads/portico5.jpg?resize=322%2C480 and http://blog.wellappointedhouse.com/2014/05/4537.html?utm_source=feedburner&utm_medium=email&utm_campaign=Feed:+blogspot/fnDII+(Living+the+Well+Appointed+LIfe+by+Melissa+Hawks):





Captured by FireShot Pro: 29 November 2023, 10:00:13
https://getfireshot.com

81. On July 12, 2020 (prior to the above-referenced copyright registration of the Tondro Photographs), Defendants displayed and/or published the Tondro Photographs on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2020/07/farrow-ball-paint-colors-neutrals-blues-to-love.html):

& Ball Borrowed Light.



**Skylight**

This pale blue grey takes its name from the soft natural light that often pours through ceiling skylights. However, it is less reflective than Borrowed Light, reading as a definite cool blue when used in small spaces but becoming paler and greyer when used in larger areas.



Film executive Ricky Strauss in front of one of the custom built-ins in his bedroom, which are painted in Farrow & Ball Borrowed Light.

82.    On May 9, 2019 (prior to the above-referenced copyright registration of the First Waldron Photograph), Defendants displayed and/or published the First Waldron Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2019/05/5-essentials-for-a-pretty-outdoor-space.html):



Image Source: Veranda

83. On March 6, 2015 (prior to the above-referenced copyright registration of the Second Waldron Photograph), Defendants displayed and/or published the Second Waldron Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2015/03/lighting-inspiration-playful-lighting-fixtures.html):



Miles Redd uses our Frosted Glass Star Chandeliers in this entry hall in the Hamptons! These are very well priced lighting fixtures and are very popular. The large size is around $372. I have one in my son's playroom bathroom. It adds a whimsical feel! The sharp lines of these star chandeliers are a nice contrast to the soft, fluffy palm leaves in aqua hues.

84. On March 14, 2023 (prior to the above-referenced copyright registration of the Marshall Photograph), Defendants displayed and/or published the Marshall Photograph on their website, webpage, and/or social media (at https://blog.wellappointedhouse.com/2023/03/spring-inspired-wallpaper-patterns.html):



85.     A true and correct copy of screenshots of Defendants' website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "P."**

86.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Defendants' website, webpage, and/or social media – even though the Work that was copied is clearly professional stock photography that would put Defendants on notice that the Work was not intended for public use.

87.     Defendants utilized the Work for commercial use.

88.     Upon information and belief, Defendants located a copy of each photograph comprising the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

89.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the First Wallander Photograph,

Second Frances Photograph, the Tondro Photographs, the Waldron Photographs on September 13, 2021, the First Piasecki Photograph on June 1, 2022, the Second Wallander Photograph on July 31, 2023, the Third Wallander on August 1, 2023, the Fifth Piasecki and Sixth Piasecki Photograph on August 2, 2023, the Second Piasecki Photograph, Third Piasecki Photograph, and Fourth Piasecki on August 3, 2023, the Dewitt Photographs on August 16, 2023, the First Frances Photograph on August 29, 2023, and the Marshall Photograph on September 26, 2023,  Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

90.     All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT
**(The First Wallander Photograph)**

91.     Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

92.     The First Wallander Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

93.     Mr. Wallander owns a valid copyright in the First Wallander Photograph, having registered such photograph with the Register of Copyrights.

94.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Wallander Photograph by Mr. Wallander).

95.     As a result of Plaintiff's reproduction, distribution, and public display of the First Wallander Photograph, Defendants had access to the First Wallander Photograph prior to their own reproduction, distribution, and public display of the First Wallander Photograph on Defendants' website, webpage, and/or social media.

96. Defendants reproduced, distributed, displayed, and/or publicly displayed the First Wallander Photograph without authorization from Plaintiff.

97. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

98. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

99. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the First Wallander Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the First Wallander Photograph, which amounts shall be proven at trial.

100. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

101. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the First Wallander Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Wallander Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (The Second Wallander Photograph)

102.    Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

103.    The Second Wallander Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

104.    Mr. Wallander owns a valid copyright in the Second Wallander Photograph, having registered such photograph with the Register of Copyrights.

105.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second Wallander Photograph by Mr. Wallander).

106.    As a result of Plaintiff's reproduction, distribution, and public display of the Second Wallander Photograph, Defendants had access to the Second Wallander Photograph prior to their own reproduction, distribution, and public display of the Second Wallander Photograph on Defendants' website, webpage, and/or social media.

107.     Defendants reproduced, distributed, displayed, and/or publicly displayed the Second Wallander Photograph without authorization from Plaintiff.

108.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

109.   Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

110.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Second Wallander Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Second Wallander Photograph, which amounts shall be proven at trial.

111.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

112.   Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Second Wallander Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Wallander Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT III – COPYRIGHT INFRINGEMENT
### (The Third Wallander Photograph)

113. Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

114. The Third Wallander Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

115. Mr. Wallander owns a valid copyright in the Third Wallander Photograph, having registered such photograph with the Register of Copyrights.

116. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Third Wallander Photograph by Mr. Wallander).

117. As a result of Plaintiff's reproduction, distribution, and public display of the Second Wallander Photograph, Defendants had access to the Third Wallander Photograph prior to their own reproduction, distribution, and public display of the Third Wallander Photograph on Defendants' website, webpage, and/or social media.

118.     Defendants reproduced, distributed, displayed, and/or publicly displayed the Third Wallander Photograph without authorization from Plaintiff.

119.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

120.   Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

121.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Third Wallander Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Third Wallander Photograph, which amounts shall be proven at trial.

122.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

123.   Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Third Wallander Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Third Wallander Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT IV – COPYRIGHT INFRINGEMENT
### (The First Piasecki Photograph)

124. Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

125. The First Piasecki Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

126. Mr. Piasecki owns a valid copyright in the First Piasecki Photograph, having registered such photograph with the Register of Copyrights.

127. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Piasecki Photograph by Mr. Piasecki).

128. As a result of Plaintiff's reproduction, distribution, and public display of the First Piasecki Photograph, Defendants had access to the First Piasecki Photograph prior to their own reproduction, distribution, and public display of the First Piasecki Photograph on Defendants' website, webpage, and/or social media.

129.     Defendants reproduced, distributed, displayed, and/or publicly displayed the First Piasecki Photograph without authorization from Plaintiff.

130.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

131.   Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

132.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the First Piasecki Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the First Piasecki Photograph, which amounts shall be proven at trial.

133.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

134.   Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the First Piasecki Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Piasecki Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT V – COPYRIGHT INFRINGEMENT
### (The Second Piasecki Photograph)

135.     Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

136.     The Second Piasecki Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

137.     Mr. Piasecki owns a valid copyright in the Second Piasecki Photograph, having registered such photograph with the Register of Copyrights.

138.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second Piasecki Photograph by Mr. Piasecki).

139.     As a result of Plaintiff's reproduction, distribution, and public display of the Second Piasecki Photograph, Defendants had access to the Second Piasecki Photograph prior to their own reproduction, distribution, and public display of the Second Piasecki Photograph on Defendants' website, webpage, and/or social media.

140.     Defendants reproduced, distributed, displayed, and/or publicly displayed the Second Piasecki Photograph without authorization from Plaintiff.

141.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

142.  Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

143.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Second Piasecki Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Second Piasecki Photograph, which amounts shall be proven at trial.

144.  Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

145.  Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Second Piasecki Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Piasecki Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT VI – COPYRIGHT INFRINGEMENT
### (The Third Piasecki Photograph)

146.    Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

147.    The Third Piasecki Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

148.    Mr. Piasecki owns a valid copyright in the Third Piasecki Photograph, having registered such photograph with the Register of Copyrights.

149.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Third Piasecki Photograph by Mr. Piasecki).

150.    As a result of Plaintiff's reproduction, distribution, and public display of the Third Piasecki Photograph, Defendants had access to the Third Piasecki Photograph prior to their own reproduction, distribution, and public display of the Third Piasecki Photograph on Defendants' website, webpage, and/or social media.

151.     Defendants reproduced, distributed, displayed, and/or publicly displayed the Third Piasecki Photograph without authorization from Plaintiff.

152.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

153.   Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

154.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Third Piasecki Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Third Piasecki Photograph, which amounts shall be proven at trial.

155.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

156.   Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Third Piasecki Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Third Piasecki Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT VII – COPYRIGHT INFRINGEMENT
### (The Fourth Piasecki Photograph)

157.    Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

158.    The Fourth Piasecki Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

159.    Mr. Piasecki owns a valid copyright in the Fourth Piasecki Photograph, having registered such photograph with the Register of Copyrights.

160.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Fourth Piasecki Photograph by Mr. Piasecki).

161.    As a result of Plaintiff's reproduction, distribution, and public display of the Fourth Piasecki Photograph, Defendants had access to the Fourth Piasecki Photograph prior to their own reproduction, distribution, and public display of the Fourth Piasecki Photograph on Defendants' website, webpage, and/or social media.

162.     Defendants reproduced, distributed, displayed, and/or publicly displayed the Fourth Piasecki Photograph without authorization from Plaintiff.

163.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

164.   Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

165.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Fourth Piasecki Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Fourth Piasecki Photograph, which amounts shall be proven at trial.

166.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

167.   Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Fourth Piasecki Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Fourth Piasecki Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT VIII – COPYRIGHT INFRINGEMENT
### (The Fifth Piasecki Photograph)

168.     Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

169.     The Fifth Piasecki Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

170.     Mr. Piasecki owns a valid copyright in the Fifth Piasecki Photograph, having registered such photograph with the Register of Copyrights.

171.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Fifth Piasecki Photograph by Mr. Piasecki).

172.     As a result of Plaintiff's reproduction, distribution, and public display of the Fifth Piasecki Photograph, Defendants had access to the Fifth Piasecki Photograph prior to their own reproduction, distribution, and public display of the Fifth Piasecki Photograph on Defendants' website, webpage, and/or social media.

173.	Defendants reproduced, distributed, displayed, and/or publicly displayed the Fifth Piasecki Photograph without authorization from Plaintiff.

174.	By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

175.	Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

176.	Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Fifth Piasecki Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Fifth Piasecki Photograph, which amounts shall be proven at trial.

177.	Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

178.	Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.	A declaration that Defendants have infringed Plaintiff's copyrights in the Fifth Piasecki Photograph;

b.	An award of actual damages and disgorgement of profits as the Court deems proper;

c.	Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Fifth Piasecki Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT IX – COPYRIGHT INFRINGEMENT
### (The Sixth Piasecki Photograph)

179.     Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

180.     The Sixth Piasecki Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

181.     Mr. Piasecki owns a valid copyright in the Sixth Piasecki Photograph, having registered such photograph with the Register of Copyrights.

182.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Sixth Piasecki Photograph by Mr. Piasecki).

183.     As a result of Plaintiff's reproduction, distribution, and public display of the Sixth Piasecki Photograph, Defendants had access to the Sixth Piasecki Photograph prior to their own reproduction, distribution, and public display of the Sixth Piasecki Photograph on Defendants' website, webpage, and/or social media.

184.     Defendants reproduced, distributed, displayed, and/or publicly displayed the Sixth Piasecki Photograph without authorization from Plaintiff.

185.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

186.   Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

187.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Sixth Piasecki Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Sixth Piasecki Photograph, which amounts shall be proven at trial.

188.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

189.   Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Sixth Piasecki Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Sixth Piasecki Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT X – COPYRIGHT INFRINGEMENT
### (The First DeWitt Photograph)

190.  Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

191.  The First DeWitt Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

192.  Mr. DeWitt owns a valid copyright in the First DeWitt Photograph, having registered such photograph with the Register of Copyrights.

193.  Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First DeWitt Photograph by Mr. DeWitt).

194.  As a result of Plaintiff's reproduction, distribution, and public display of the First DeWitt Photograph, Defendants had access to the First DeWitt Photograph prior to their own reproduction, distribution, and public display of the First DeWitt Photograph on Defendants' website, webpage, and/or social media.

195.     Defendants reproduced, distributed, displayed, and/or publicly displayed the First DeWitt Photograph without authorization from Plaintiff.

196.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

197.   Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

198.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the First DeWitt Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the First DeWitt Photograph, which amounts shall be proven at trial.

199.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

200.   Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the First DeWitt Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First DeWitt Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT XI – COPYRIGHT INFRINGEMENT
### (The Second DeWitt Photograph)

201.    Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

202.    The Second DeWitt Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

203.    Mr. DeWitt owns a valid copyright in the Second DeWitt Photograph, having registered such photograph with the Register of Copyrights.

204.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second DeWitt Photograph by Mr. DeWitt).

205.    As a result of Plaintiff's reproduction, distribution, and public display of the Second DeWitt Photograph, Defendants had access to the Second DeWitt Photograph prior to their own reproduction, distribution, and public display of the Second DeWitt Photograph on Defendants' website, webpage, and/or social media.

206.    Defendants reproduced, distributed, displayed, and/or publicly displayed

the Second DeWitt Photograph without authorization from Plaintiff.

207. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

208. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

209. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Second DeWitt Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Second DeWitt Photograph, which amounts shall be proven at trial.

210. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

211. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Second DeWitt Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second DeWitt Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT XII – COPYRIGHT INFRINGEMENT
### (The Third DeWitt Photograph)

212. Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

213. The Third DeWitt Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

214. Mr. DeWitt owns a valid copyright in the Third DeWitt Photograph, having registered such photograph with the Register of Copyrights.

215. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Third DeWitt Photograph by Mr. DeWitt).

216. As a result of Plaintiff's reproduction, distribution, and public display of the Third DeWitt Photograph, Defendants had access to the Third DeWitt Photograph prior to their own reproduction, distribution, and public display of the Third DeWitt Photograph on Defendants' website, webpage, and/or social media.

217. Defendants reproduced, distributed, displayed, and/or publicly displayed

the Third DeWitt Photograph without authorization from Plaintiff.

218.  By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

219.  Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

220.  Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Third DeWitt Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Third DeWitt Photograph, which amounts shall be proven at trial.

221.  Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

222.  Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Third DeWitt Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Third DeWitt Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT XIII – COPYRIGHT INFRINGEMENT
### (The Fourth DeWitt Photograph)

223.    Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

224.    The Fourth DeWitt Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

225.    Mr. DeWitt owns a valid copyright in the Fourth DeWitt Photograph, having registered such photograph with the Register of Copyrights.

226.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Fourth DeWitt Photograph by Mr. DeWitt).

227.    As a result of Plaintiff's reproduction, distribution, and public display of the Fourth DeWitt Photograph, Defendants had access to the Fourth DeWitt Photograph prior to their own reproduction, distribution, and public display of the Fourth DeWitt Photograph on Defendants' website, webpage, and/or social media.

228.    Defendants reproduced, distributed, displayed, and/or publicly displayed

the Fourth DeWitt Photograph without authorization from Plaintiff.

229. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

230. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

231. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Fourth DeWitt Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Fourth DeWitt Photograph, which amounts shall be proven at trial.

232. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

233. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Fourth DeWitt Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Fourth DeWitt Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT XIV – COPYRIGHT INFRINGEMENT
### (The First Frances Photograph)

234. Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

235. The First Frances Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

236. Mr. Frances owns a valid copyright in the First Frances Photograph, having registered such photograph with the Register of Copyrights.

237. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Frances Photograph by Mr. Frances).

238. As a result of Plaintiff's reproduction, distribution, and public display of the First Frances Photograph, Defendants had access to the First Frances Photograph prior to their own reproduction, distribution, and public display of the First Frances Photograph on Defendants' website, webpage, and/or social media.

239. Defendants reproduced, distributed, displayed, and/or publicly displayed

the First Frances Photograph without authorization from Plaintiff.

240.  By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

241.  Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

242.  Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the First Frances Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the First Frances Photograph, which amounts shall be proven at trial.

243.  Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

244.  Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the First Frances Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys,

successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Frances Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT XV – COPYRIGHT INFRINGEMENT
### (The Second Frances Photograph)

245.       Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

246.       The Second Frances Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

247.       Mr. Frances owns a valid copyright in the Second Frances Photograph, having registered such photograph with the Register of Copyrights.

248.       Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second Frances Photograph by Mr. Frances).

249.       As a result of Plaintiff's reproduction, distribution, and public display of the Second Frances Photograph, Defendants had access to the Second Frances Photograph prior to their own reproduction, distribution, and public display of the Second Frances Photograph on Defendants' website, webpage, and/or social media.

250.       Defendants reproduced, distributed, displayed, and/or publicly displayed the Second Frances Photograph without authorization from Plaintiff.

251.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

252.  Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

253.   Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Second Frances Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Second Frances Photograph, which amounts shall be proven at trial.

254.  Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

255.  Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Second Frances Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys,

successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Frances Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT XVI – COPYRIGHT INFRINGEMENT
### (The First Tondro Photograph)

256. Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

257. The First Tondro Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

258. Mr. Tondro owns a valid copyright in the First Tondro Photograph, having registered such photograph with the Register of Copyrights.

259. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Tondro Photograph by Mr. Tondro).

260. As a result of Plaintiff's reproduction, distribution, and public display of the First Tondro Photograph, Defendants had access to the First Tondro Photograph prior to their own reproduction, distribution, and public display of the First Tondro Photograph on Defendants' website, webpage, and/or social media.

261. Defendants reproduced, distributed, displayed, and/or publicly displayed the First Tondro Photograph without authorization from Plaintiff.

262.  By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

263.  Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

264.  Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the First Tondro Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the First Tondro Photograph, which amounts shall be proven at trial.

265.  Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

266.  Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the First Tondro Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Tondro Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT XVII – COPYRIGHT INFRINGEMENT
### (The Second Tondro Photograph)

267.      Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

268.      The Second Tondro Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

269.      Mr. Tondro owns a valid copyright in the Second Tondro Photograph, having registered such photograph with the Register of Copyrights.

270.      Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second Tondro Photograph by Mr. Tondro).

271.      As a result of Plaintiff's reproduction, distribution, and public display of the Second Tondro Photograph, Defendants had access to the Second Tondro Photograph prior to their own reproduction, distribution, and public display of the Second Tondro Photograph on Defendants' website, webpage, and/or social media.

272.      Defendants reproduced, distributed, displayed, and/or publicly displayed the Second Tondro Photograph without authorization from Plaintiff.

273.  By their actions, Defendants infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

274. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

275. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Second Tondro Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Second Tondro Photograph, which amounts shall be proven at trial.

276. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

277. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Second Tondro Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Tondro Photograph or to participate or assist in any such activity; and

f.  For such other relief as the Court deems just and proper.

## COUNT XVIII – COPYRIGHT INFRINGEMENT
### (The First Waldron Photograph)

278.    Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

279.    The First Waldron Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

280.    Mr. Waldron owns a valid copyright in the First Waldron Photograph, having registered such photograph with the Register of Copyrights.

281.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Waldron Photograph by Mr. Waldron).

282.    As a result of Plaintiff's reproduction, distribution, and public display of the First Waldron Photograph, Defendants had access to the First Waldron Photograph prior to their own reproduction, distribution, and public display of the First Waldron Photograph on Defendants' website, webpage, and/or social media.

283.    Defendants reproduced, distributed, displayed, and/or publicly displayed the First Waldron Photograph without authorization from Plaintiff.

284.    By their actions, Defendants infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

285. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

286. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the First Waldron Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the First Waldron Photograph, which amounts shall be proven at trial.

287. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

288. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the First Waldron Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Waldron Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## COUNT XIX – COPYRIGHT INFRINGEMENT
### (The Second Waldron Photograph)

289.     Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

290.     The Second Waldron Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

291.     Mr. Waldron owns a valid copyright in the Second Waldron Photograph, having registered such photograph with the Register of Copyrights.

292.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second Waldron Photograph by Mr. Waldron).

293.     As a result of Plaintiff's reproduction, distribution, and public display of the Second Waldron Photograph, Defendants had access to the Second Waldron Photograph prior to their own reproduction, distribution, and public display of the Second Waldron Photograph on Defendants' website, webpage, and/or social media.

294.     Defendants reproduced, distributed, displayed, and/or publicly displayed the First Waldron Photograph without authorization from Plaintiff.

295.     By their actions, Defendants infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

296.  Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

297.  Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Second Waldron Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Second Waldron Photograph, which amounts shall be proven at trial.

298.  Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

299.  Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Second Waldron Photograph;

b.  An award of actual damages and disgorgement of profits as the Court deems proper;

c.  Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Waldron Photograph or to participate or assist in any such activity; and

f.   For such other relief as the Court deems just and proper.

## COUNT XX – COPYRIGHT INFRINGEMENT
### (The Marshall Photograph)

300.      Plaintiff re-alleges and incorporates paragraphs 1 through 90 as set forth above.

301.      The Marshall Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

302.      Ms. Marshall owns a valid copyright in the Marshall Photograph, having registered such photograph with the Register of Copyrights.

303.      Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Marshall Photograph by Ms. Marshall).

304.      As a result of Plaintiff's reproduction, distribution, and public display of the Marshall Photograph, Defendants had access to the Marshall Photograph prior to their own reproduction, distribution, and public display of the Marshall Photograph on Defendants' website, webpage, and/or social media.

305.      Defendants reproduced, distributed, displayed, and/or publicly displayed the Marshall Photograph without authorization from Plaintiff.

306.   By their actions, Defendants infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

307. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

308. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Marshall Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Marshall Photograph, which amounts shall be proven at trial.

309. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendants' conduct.

310. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Marshall Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights

or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Marshall Photograph or to participate or assist in any such activity; and

f.   For such other relief as the Court deems just and proper.


Dated: January 23, 2025.                     Respectfully,
                                             PLAINTIFF,
                                             OTTO ARCHIVE, LLC
                                             By & through their attorney,

                                             /s/Chip Muller
                                             Chip Muller, Esq. (#429345)
                                             Muller Law, LLC
                                             47 Wood Avenue
                                             Barrington, RI 02806
                                             (401) 256-5171
                                             chip@mullerlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                                             /s/ Chip Muller
                                             Chip Muller, Esq.